Shauck, J.
Although the land of which the company took possession is a public highway, its occupation for the purposes alleged in the petition, imposed upon it an additional servitude for which the plaintiff, as owner of the fee, is entitled to compensation; and his right in that regard, the company having taken possession without appropriation and without the owner’s consent, may be enforced under the provisions of section 6448, Revised Statutes. Railroad Co. v. Williams, 35 Ohio St., 168; Rodlroad Co. v. O'Harra, 48 Ohio St., 343. The petition fully conforms to that section, and alleges the service of the preliminary notice therein required. It, therefore, states a cause of action.
The principal contention of counsel for the defendant in error is that the probate court was without jurisdiction to impanel a jury for the assessment of compensation and to render a judgment upon the verdict because it did not first find all the facts which under section 6448 constitute the plaintiff’s cause of action. The finding which the court made is conformable to the provisions of section 6420, which relates to the proceedings to appropriate voluntarily instituted by the company before it takes possession of property. In proceedings of that character the statute contemplates that the company shall be found to be vested with the power to exercise the right of eminent domain, and that the condition to its exercise shall be first found. The provision is in favor of the property ' owner. There is no such requirement in regard . to proceedings under section 6448, nor are there analogous reasons for such requirement. In cases of this character the probate court derives its jurisdiction from the unconditional terms of the *445 statute, which constitutes it a court with full jurisdiction for the purposes indicated. The ■ facts which counsel insist the court should have .found as a condition to its jurisdiction, are issuable facts to be determined in the exercise of the jurisdiction which the statute confers.
It is true that in Railroad Co. v. O'Harra, the probate court did find the facts which under section 6448 constitute the cause of action, but they were found after issue joined, ‘ ‘ no jury being demanded.” Undoubtedly the issues joined are triable to a jury, and the contention of counsel is, in effect, that they should be tried twice. We do not find in the statute or the reason of the law, or in the cases cited any support for the conclusion reached by the circuit court.
Counsel for the plaintiff in error further contend that the circuit court erred in refusing to pass upon all the errors assigned in the petition filed in that court. Section 6709, Revised Statutes, relates exclusively to the jurisdiction of the circuit court in error and to the manner of its exercise. It provides, that “all errors assigned in the petition in error shall be passed upon by the court, and in every case where a judgment or order is reversed and remanded for a new trial or hearing, the circuit court shall, in its mandate to the court below, state the error or errors found in the record upon which the judgment of reversal is based.” The requirement of this section could not be made clearer by comment. When the record permits the presumption, as it always should, that the circuit court has complied with the section, an inference of much importance, not only in this court, but in courts inferior to the circuit court, arises. That inference is that all assignments of error in *446 the circuit court, except those which are stated as the basis of a judgment of reversal, are adjudged to be not well taken.
Important rights of litigants are secured by this provision. Practically, the circuit court is the court of last resort for the determination of the weight of the evidence. If it should fail to pass upon an assignment of error founded upon that ground, and reverse upon other grounds, a most important right of the plaintiff in that court would be put in peril. For, if this court upon a petition in error, should reach a different conclusion upon the questions on which the circuit court bases its judgment of reversal, it would be its duty to reverse the judgment of the circuit court and affirm that of the common pleas; and it would result that the plaintiff in error there would be conclusively denied the right, clearly conferred by law, tb have the judgment of the circuit court upon the weight of the evidence.
The subject of a suit in error is the judgment whose reversal is sought. However numerous may be the grounds upon which the validity of the judgment is challenged by the assignments of error, the suit is single and entire. This statute wisely protects both parties from the evils of expense and delay that would result from having the suit tried piecemeal. If the action of the circuit court in this case is to be approved, there may in every error ease brought there be as many judgments as there are assignments of error, and every judgment so rendered be the subject of a separate petition in error here. The performance of the duty here enjoined would not only secure important rights of both parties, but afford an attractive example of judicial obedience to a stat *447 ute about whose meaning there is no difference of opinion.
We cannot infer that the circuit court conformed to the requirement of the statute in this case, since its record affirmatively shows that it did not. It is true that if the assignments of error not passed upon are not well taken, the plaintiff in error should now recover a final judgment. One of those assignments, however, requires a determination of the weight of the evidence, which, as is well known, this court does not consider. These assignments were not waived, and, so far as the record discloses, the action of the court in refusing to pass upon them was of its own motion. Due regard for the right of the company to have a determination of all the errors assigned in its petition in the circuit court requires that, upon a reversal of its judgment for the error first noticed, the cause be remanded to that court with instruction to pass upon all the errors assigned.

Judgment accordingly.